Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| JONATHAN MURGA RODRÍGUEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | KLRA202400469 | REVISIÓN ADMINISTRATIVA procedente del Departamento de Corrección y Rehabilitación<br><br>Remedio Adm. Núm.: B-838-24<br><br>Sobre: Solicitud de equipo |
|---|---|---|

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de octubre de 2024.

Comparece ante este foro apelativo, por derecho propio y en *forma pauperis*, el Sr. Jonathan Murga Rodríguez (el señor Murga Rodríguez o el recurrente) mediante el recurso de epígrafe solicitándonos la revisión de la *Resolución* emitida por el Departamento de Corrección y Rehabilitación (el Departamento o el recurrido) el 12 de julio de 2024.[1]

Por los fundamentos que exponemos a continuación, revocamos la *Resolución* recurrida.

**I.**

El señor Murga Rodríguez se encuentra confinado en la Institución Correccional de Bayamón 501. Según surge del recurso, el 10 de junio de 2024, este presentó ante el Departamento la Solicitud de Remedio Administrativo Núm. B-838-24 solicitando se atienda su necesidad de unos nuevos audífonos, los cuales ha peticionado desde el 2023, sin éxito alguno.

---

[1] En el *Escrito en Cumplimiento de Resolución* se señala que el recurrente fue notificado el 6 de agosto de 2024 y que este no solicitó reconsideración.

El 2 de julio de 2024, el Departamento emitió la *Respuesta Del Área Concernida/Superintendente* en la que se indica:[2]

> El equipo que usted solicita fue pedido por orden de compra a la Oficina Central de Physician Correctional. No se ha recibido. Si desea puede escribir otro Remedio Administrativo dirigido a Physician Correctional para que le informen el estatus de su pedido.

El 12 de julio siguiente se envió la *Respuesta al Miembro de la Población Correccional,* la cual está firmada por la Evaluadora, la Sra. Maribel García Charriez. Del referido documento no surge la fecha ni firma del recurrente.

Inconforme con esta determinación, el señor Murga Rodríguez instó el presente recurso de revisión judicial en el que señaló el siguiente error:

> ERRÓ LA DIVISIÓN DE REMEDIOS ADMINISTRATIVOS AL VER QUE DESDE EL AÑO 2022 AL PRESENTE EL GALENO DR. MARCOS DEVARIE NO HA HECHO NADA PARA VER EL PROCESO DE COMPRAS DE DICHOS ARTÍCULOS [S]IENDO EL DIRECTOR M[É]DICO DE TODO EL COMPLEJO CORRECCIONA[L] DE BAYAMÓN ADICIONA[L] AL SOLICITAR LAS BATERÍAS SIZE 312, PQTE (8) OCHO BATERÍAS AL SOLICITAR DICHAS BATERÍAS CON TIEMPO PARA QUE NO SE VEA AFECTADO EL RECURRENTE JONATHAN MURGA RODRÍGUEZ AL PERSONA[L] DE ÁREAS MÉDICA HACEN LA SOLICITUD TARDÍAS YA QUE EL DR. MARCOS DEVARIE DICE QUE EL PAQTE. BATERÍAS SIZE 312 QUE CONTIENE 8 OCHO BATERÍAS TIENE QUE SUMINISTRARLA MENSUAL EST[O] AFECTA LA CONDICIÓN AUDITIVA DEL RECURRENTE ESTE EQUIPO AUDITIVO (AUDÍFONOS) DIARIAMENTE, [EX]CEPTO PARA BAÑARSE Y DORMIR, ES DE USO DIARIO.

El 4 de septiembre de 2024, dictamos una *Resolución* concediéndole a la parte recurrida el término de treinta (30) días para expresarse y que remitiera copia del expediente administrativo. A su vez, se le ordenó enviar al recurrente la declaración en apoyo de solicitud para litigar como indigente.[3]

---

[2] Véase, Apéndice del Recurso.
[3] El 16 de septiembre de 2024 se cumplió con lo ordenado y declaramos *Ha Lugar* la solicitud del recurrente para litigar como indigente. Véase, Resolución del 17 de septiembre.

El 7 de octubre de 2024, la parte recurrida presentó un *Escrito en Cumplimiento de Resolución,* por lo que nos damos por cumplidos y a su vez, decretamos perfeccionado el recurso.

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

Es norma reiterada en nuestro ordenamiento que los tribunales apelativos han de conceder gran deferencia a las decisiones de los organismos administrativos, por razón de la experiencia y pericia de las agencias respecto a las facultades que les han sido delegadas. *Batista, Nobbe v. Jta. Directores*, 185 DPR 206 (2012). Nuestro más alto foro ha establecido que las decisiones de las agencias administrativas gozan de una presunción de regularidad y corrección. *González Segarra et al. v. CFSE,* 188 DPR 252 (2013). Por esto, es necesario que aquel que desee impugnar dichas decisiones presente evidencia suficiente que derrote la presunción de validez de la que gozan las mismas y no descanse en meras alegaciones. *Pacheco v. Estancias,* 160 DPR 409 (2003).

Conforme lo ha interpretado nuestro Tribunal Supremo, la revisión judicial de este tipo de decisiones se debe limitar a determinar si la actuación de la agencia fue arbitraria, ilegal, caprichosa o tan irrazonable que constituyó un abuso de discreción. *Mun. de San Juan v. CRIM,* 178 DPR 163 (2010). La revisión judicial de una determinación administrativa se circunscribe a determinar si: (1) el remedio concedido por la agencia fue apropiado; (2) las determinaciones de hechos realizadas por la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo, y (3) las conclusiones de derecho fueron correctas. *Pacheco v. Estancias,* supra, pág. 431.

Por otra parte, aunque el derecho a un debido proceso de ley no tiene la misma rigidez en el ámbito administrativo, la Ley de

Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley 38 de 30 de junio de 2017 (Ley núm. 38-2017), dispone que, al adjudicar formalmente una controversia, las agencias deben salvaguardar a las partes los siguientes derechos: (1) una notificación oportuna de los cargos o querellas o reclamos en contra de una parte; (2) a presentar prueba; (3) a una adjudicación imparcial, y (4) a que la decisión sea una basada en el expediente. Sección 3.1 de la Ley núm. 38-2017; *Hernández v. Secretario*, 164 DPR 390 (2005). La Sección 4.5 de la Ley núm. 38-2017, dispone que las determinaciones de hechos realizadas por una agencia administrativa serán sostenidas por el tribunal revisor si se encuentran respaldadas por evidencia suficiente que surja del expediente administrativo al ser considerado en su totalidad. *Pacheco v. Estancias*, supra, pág. 432. De modo, que la parte afectada deberá reducir el valor de la evidencia impugnada o demostrar la existencia de otra prueba que sostenga que la actuación del ente administrativo no estuvo basada en evidencia sustancial. *Otero v. Toyota*, 163 DPR 716, 728 (2005). En consecuencia, nuestra función se circunscribe a considerar si la determinación de la agencia es razonable, ya que se persigue evitar que el tribunal revisor sustituya el criterio de la agencia por el suyo. *Íd.*

Por otro lado, las conclusiones de derecho son revisables en toda su extensión. Sección 4.5 de la Ley núm. 38-2017. Sin embargo, ello "no implica que los tribunales revisores tienen la libertad absoluta de descartar libremente las conclusiones e interpretaciones de la agencia." *Otero v. Toyota*, supra, pág. 729. Cuando un tribunal llega a un resultado distinto, este debe determinar si la divergencia es a consecuencia de un ejercicio razonable y fundamentado de la discreción administrativa, ya sea

por la pericia, por consideraciones de política pública o en la apreciación de la prueba. *Íd.*

En conclusión, el tribunal solo podrá sustituir el criterio de la agencia por el propio cuando no pueda encontrar una base racional para explicar la determinación administrativa. *Hernández Álvarez v. Centro Unido*, 168 DPR 592 (2006).

**III.**

En esencia, el recurrente señaló que la respuesta emitida por el Departamento no atiende, de forma adecuada, su solicitud de remedio administrativo. Adelantamos que le asiste la razón.

Surge del presente recurso, que el señor Murga Rodríguez tiene un diagnóstico de pérdida de audición progresiva en ambos oídos por lo que requiere el uso de audífonos. En el apéndice del recurso se incluyó varios documentos que evidencian que el recurrente ha presentado múltiples solicitudes de remedios administrativos para que se le entreguen sus nuevos audífonos y el equipo necesario para su mantenimiento. Desde ese momento la respuesta del Departamento ha sido que la orden de compra se está procesando. Incluso, de los documentos acompañados por el Departamento en su *Escrito en Cumplimiento de Resolución,* surge que el 15 de abril de 2023 se justificó la ... *requisición de equipos y/o servicios-Kit de mantenimiento para audífonos,* pero no fue hasta el 16 de abril de 2024 que se preparó la *Requisición de Materiales o Medicamentos.* Sin embargo, el Departamento no especificó qué trámite, si alguno, ha realizado para darle seguimiento a dicha orden.

Como señalamos, la revisión judicial de una determinación administrativa se circunscribe a determinar si: (1) el remedio concedido por la agencia fue apropiado; (2) las determinaciones de hechos realizadas por la agencia están sostenidas por evidencia

sustancial que obra en el expediente administrativo, y (3) las conclusiones de derecho fueron correctas.

En virtud del antedicho principio apelativo, de una mera lectura de la respuesta emitida por el Departamento, surge que la agencia incumplió con estos criterios. De hecho, la decisión es contraria a derecho debido a que el recurrente no puede presentar una solicitud de remedio administrativo directamente a Physician Correctional, ni puede realizar gestiones en dicha empresa privada para conocer el estatus de la orden de compra. Enfatizamos que dichos trámites le corresponden únicamente al Departamento. Destacamos, además, que en el *Escrito en Cumplimiento de Resolución* la Oficina del Procurador General expuso que Physician Correctional es la **<u>entidad privada contratada</u>** para atender los asuntos médicos de los miembros de la población correccional.[4]

Al respecto, precisa advertir que la División de Remedios Administrativos fue creada con el objetivo principal de que toda persona recluida en una institución correccional disponga de un organismo administrativo, en primera instancia, ante el cual pueda presentar una solicitud de remedio, para su atención, con el fin de minimizar las diferencias entre los miembros de la población correccional y el personal, y para evitar o reducir la radicación de pleitos en los Tribunales de Justicia.[5] En atención a ello, el Reglamento Núm. 8583, *supra*, aplica **a todos los miembros de la población correccional** y a **todos los empleados** del Departamento de Corrección y Rehabilitación, respecto al cumplimiento de sus deberes y obligaciones.[6]

---

[4] Véase, nota al calce núm. 16 del *Escrito en cumplimiento de Resolución*, a la pág. 7.
[5] Véase, introducción del *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional*, Reglamento Núm. 8583 del 3 de junio de 2015.
[6] Véase, Regla III del Reglamento 8583, *supra*.

En consecuencia, resulta ser un craso error del Departamento instruir al recurrente que presente una solicitud de remedio administrativo ante una empresa privada que no forma parte de la División de Remedios Administrativos de la agencia. Más aún, reiteramos que el Departamento es el ente responsable de realizar todas las gestiones necesarias para atender las situaciones que afectan a los miembros de la población correccional en su bienestar físico, mental, en su seguridad personal o en su plan institucional.[7] Por ende, es la agencia recurrida la que debe dirigir y realizar todos los trámites necesarios ante Physician Correctional para que, a la brevedad posible, el recurrente reciba el equipo que necesita, el cual, como explicamos, hace más de un (1) año se solicitó.

En consecuencia, es forzoso colegir que el Departamento actuó de forma arbitraria e irrazonable, por lo que procede revocar el dictamen recurrido.

**IV.**

Por los fundamentos antes expuestos, se revoca el dictamen recurrido.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[7] Véase, Regla V del Reglamento Núm. 8583, *supra.*